[No. 1453.]

THE STATE OF NEVADA, EX REL. J. H. SUTHERLAND, RELATOR, v. HENRY A. NYE, COUNTY AUDITOR OF STOREY COUNTY, RESPONDENT.

CONSTITUTIONAL LAW—SUPPORT OF STATE MILITIA.—The act of March 6, 1893, sec. 41 (Stats. 1893, p. 96), provided that the expense of maintaining an armory for militia companies should be paid out of the general fund of the several counties on presentation of the auditor's certificate to the treasurer that such expenses had been allowed by the board of county commissioners. The act of March 18, 1895, sec. 12 (Stats. 1895, p. 109,), expressly repeals this section of the act of 1893, and provides (Sec. 11) that all claims for such expenses shall be audited by the board of military auditors, and paid out of the general fund in the state treasury upon warrants drawn therefor by the state controller. *Held*, that the repealing act of 1895 is not in violation of article XII, sec. 1, of the state constitution, which requires that the legislature shall provide for the organization and disciplining of the militia of this state and for the safe keeping of the public arms, and is valid, though it makes no appropriation for the payment of these expenses out of the state treasury, as provided for in section 11 of the said act of 1895.

LEGISLATIVE ACT—ENROLLED BILL—CONCLUSIVE EVIDENCE OF PASSAGE OF ACT.—An enrolled bill, signed by the presiding officers of the two houses, and by the secretary of the senate and clerk of the assembly, is, when approved by the governor, and filed in the office of the secretary of state, conclusive evidence of the passage of the act as enrolled.

ORIGINAL PROCEEDING.    Application by the State, on the relation of J. H. Sutherland, for a writ of mandate to compel Henry A. Nye, as Auditor of Storey county, to draw his warrant for a certain claim allowed by the Board of County Commissioners.    Denied.

The facts sufficiently appear in the opinion.

*J. Poujade,* for Relator.

*Langan & Knight,* for Respondent.

By the Court, BONNIFIELD, J.:

The relator applies to this court for a writ of *mandamus* to require the respondent to audit and allow and draw his warrant therefor, upon the county treasurer of Storey county, a certain claim allowed by the board of county commissioners of said county in favor of Company A, First Regiment, Nevada National Guard, in the sum of seventy-five dollars,

for the rent of an armory for said company for the month of April, 1895.

The application is made upon the theory and contention that section 41 of an act entitled "An act relating to the national guard and enrolled militia," approved March 6, 1893, is a valid and subsisting part of said act. If this theory be correct, then the showing made by relator's affidavit is sufficient under the provisions of said section to require the writ to issue.

Said section 41 provided that the expenses within a specified limit, of procuring and maintaining an armory for the organized militia companies, should be paid out of the general fund of the several counties in which such organizations are maintained, on presentation of the auditor's certificate to the treasurer that such expense has been allowed by the board of county commissioners, and that such payments should be allowed the treasurer in his settlement with the controller and state treasurer. But section 11 of an act amendatory of and supplementary to the above-entitled act of 1893, approved March 18, 1895, provides that all claims for such expenses shall be audited and approved by the board of military auditors and paid out of the general fund in the state treasury, upon warrants drawn therefor by the state controller. Section 12 of the act of 1895 in terms repeals said section 41 of the act of 1893.

Counsel for respondent interposes a general demurrer to relator's affidavit. Counsel for relator argues, in effect, that the act of 1895 is unconstitutional, because: (1) It repeals said section 41 which requires these expenses to be paid, in the first instance, out of the county treasury and makes no appropriation for their payment out of the funds in the state treasury as provided for by section 11 of the act, and thus contravenes section 1, art. XII, of the constitution, which provides: "The legislature shall provide by law for organizing and disciplining the militia of this state, for the effectual encouragement of volunteer corps, and the safe keeping of the public arms." (2) The memoranda, made by the secretary of the senate and clerk of the assembly, on the enrolled act, do not show that the different steps were

taken by the legislature which the constitution requires in the consideration and passage of bills.

In answer to the first of the above grounds of objection, it may be simply said, that there is certainly nothing in the constitution to prohibit the legislature from taking the matter of auditing and paying these claims for rent of armories out of the hands of said county officers and placing the same in the hands of the board of military auditors and the proper state officers.

The legislature having failed to make the necessary appropriation for the payment of the rent of armories the claimant will have to await the action of the legislative department, as all others have to do who have claims against the state for the payment of which no appropriation has been made, or for which the appropriation has been exhausted. The courts are powerless to furnish relief in such cases, however much the delay in payment may cause inconvenience or work a hardship to the claimants.

The second ground of objection is equally untenable. The memoranda referred to are immaterial. They are not evidence of the existence or non-existence of any matter material to be considered in this case. The constitution makes the signing of an enrolled bill " by the presiding officers of the two houses and by the secretary of the senate and clerk of the assembly " conclusive evidence of its passage by the legislature, and when passed and approved by the governor and filed in the office of the secretary of state, it constitutes a record which is conclusive evidence of the passage of the act as enrolled, and in accordance with the rules prescribed by the constitution relating to legislative procedure.

The rule, " that in testing the validity of a statute the courts will not look beyond the statute roll, solemnly attested in accordance with the provisions of the constitution," is well settled in this State by the following cases: *State ex rel. George* v. *Swift*, 10 Nev. 176; *State ex rel. Cardwell*, 18 Nev. 34.

In determining that said section 41 has been repealed, and that the respondent has no authority to audit the claim in question or to draw his warrant therefor, we are not to be understood as recognizing that that section would be valid if it had not been repealed, for it is a grave question whether

Opinion of the Court—Bonnifield, J.

its provisions do not conflict with two plain provisions of the constitution. But as it is not necessary to pass upon the question of their constitutionality in this case, we do not do so.

We are of opinion that the demurrer to the affidavit must be sustained, and the writ of mandate prayed for denied.

It is so ordered.